## CROPP v. REED.

(Circuit Court of Appeals, Seventh Circuit. November 22, 1918.)

### No. 2594.

PATENTS ⊙⟶328—INFRINGEMENT—CONCRETE MIXER.

The Reed patent, No. 939,629, for concrete mixer, claim 1, *held* infringed by a new machine made by defendant after decree adjudging infringement by prior structures. Claims 2 and 4 *held* not infringed.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit in equity by Matthew Howard Reed against Andrew J. Cropp. From a decree adjudging him in contempt, defendant appeals. Modified and affirmed.

William N. Cromwell, of Chicago, Ill., for appellant.
George L. Wilkinson, of Chicago, Ill., for appellee.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Pursuant to an opinion of this court (see 225 Fed. 764, 141 C. C. A. 90) a decree was entered holding claims 1, 2, and 4 of patent to Reed, No. 939,629, valid. Full discussion of the patent there appears.

After the decree was thus entered, appellant made other machines, resulting in this motion to punish him for contempt. Upon the hearing he was found guilty of contempt.

Appellant claims that the machine, the manufacture of which is alleged to constitute a violation of the decree aforementioned, does not in fact infringe claims 1, 2, or 4 of the patent. More precisely stated, appellant contends that claim 1 of the patent in suit should be restricted to a spring mechanism comprising a single spring and arc-shaped link. While conceding that, read literally, claim 1 is not so limited, appellant urges that to sustain its validity this court in its former opinion referred to and differentiated the McKelvey and Abel patent by construing the element:

"Having an operating lever, and spring mechanism connected with the drum and lever adapted to positively hold the lever, shaft, and deflecting element when thrown to the limit of movement in either direction, substantially as set forth"

—in such manner as to call for a particular mechanism such as was disclosed in drawings of the patent. With this contention we cannot agree. The opinion reads:

"If successful challenge of validity depended upon the inventor's selection of spring mechanisms found in other arts, e. g., those used for closing rainwater pipes, door hinges, cabinet file covers, box covers, mowing machines, the proofs here would sustain the decree. But if notice be taken of the state

⊙⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of the particular art involved, of the endeavors of others therein, or the advance made by the patented mechanism in suit, its conceded utility and efficiency in promoting expedition and economy in operation, we believe a different view must be entertained."

In other words, it was the use of a spring as an element in a combination producing the result and reducing the amount of labor required to secure it, that furnished the reasons for the conclusions which the court reached. We quote further:

"In view of the obvious and beneficially new result accomplished by Reed, the suggestion that Ransome did not 'detail a spring or yielding mechanism because he * * * knew that any mechanic having any skill in the art would understand how to put in a spring handle, or a spring dog, on to hold the handle in adjusted position,' * * * serve, not to detract from Reed's disclosure, but rather as criticisms of his predecessors in the art."

It is unnecessary to describe in detail appellant's structure. Adopting the views quoted above, and construing this element in this combination as we do, infringement clearly appears.

Appellee was not restricted to the particular kind or form of a spring mechanism disclosed in the drawings of the patent. One element of the combination was a spring mechanism—not necessarily the spring mechanism shown in the drawings—and this element as one of a combination must be given a fair construction. On the strength of the former opinion, and upon our present study of the patent, we conclude this claim should be construed so as to cover appellant's structure.

As to claims 2 and 4, both narrower claims, we are satisfied that no infringement is disclosed by appellant's machine. By providing specifically for "the drum having an arc-shaped terminal engaging the lever * * *," appellee secured a very narrow claim. Both are obviously narrower than claim 1, but they furnish added reasons for the construction given to the first claim.

The decree of the court is modified, by limiting the finding of infringement to claim 1 of the patent. As modified, it is affirmed. Appellee to recover his costs in this court.